JAP:DKK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

15M 184

UNITED STATES OF AMERICA

    - against -

COLIN MCKENZIE,

             Defendant.

C O M P L A I N T
(T. 21, USC §§ 952(a)
and 960)

- - - - - - - - - - - - - - - - - -X

EASTERN DISTRICT OF NEW YORK, SS:

        EDWARD GONZALEZ, being duly sworn, deposes and says that he is a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations, duly appointed according to law and acting as such.

        Upon information and belief, on or about February 26, 2015, within the Eastern District of New York and elsewhere, the defendant COLIN MCKENZIE did knowingly and intentionally import a controlled substance into the United States from a place outside thereof, which offense involved a substance containing cocaine, a Schedule II controlled substance.

        (Title 21, United States Code, Sections 952(a) and 960)

        The source of your deponent's information and the grounds for his belief are as follows:[1]

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

1. On or about February 26, 2015, the defendant COLIN MCKENZIE arrived at John F. Kennedy International Airport in Queens, New York, aboard Caribbean Airlines Flight No. 524 from Georgetown, Guyana.

2. Customs and Border Protection ("CBP") officers selected the defendant COLIN MCKENZIE for an inspection. He presented two suitcases. An examination of the smaller suitcase revealed a large tin can, which the defendant COLIN MCKENZIE said contained diced fruit. The can felt unusually heavy and did not feel as though it contained liquid or syrupy material. CBP officers took an x-ray of the can, which revealed material of a uniform composition rather than pieces of fruit. Officers then probed the can, revealing a white powdery substance. A field test of the white powdery substance was positive for cocaine. The defendant COLIN MCKENZIE was placed under arrest.

3. The larger of the defendant COLIN MCKENZIE's suitcases was then inspected and found to contain two identical cans, each of which contained a white powdery substance. A field test of the white powdery substance from each of those two cans was positive for cocaine.

4. A total of approximately 10,365 grams of cocaine (gross weight) was seized from the three cans found in the defendant COLIN MCKENZIE's suitcases.

5. HSI agents then interviewed the defendant COLIN MCKENZIE. Before the interview, the defendant COLIN MCKENZIE was advised of his Miranda rights. The defendant stated that he understood his rights, and he waived his rights and agreed to speak with law enforcement agents without an attorney present. The defendant then stated, in sum and substance and in part, that he had been given the two suitcases by an individual in Guyana, who offered to pay him between $5000 and $6000 to hand over the suitcases to an

unknown individual in the United States. The defendant COLIN MCKENZIE stated that he believed the cans in his suitcases contained diamonds.

WHEREFORE, your deponent respectfully requests that the defendant COLIN MCKENZIE be dealt with according to law.

*[signature]*
EDWARD GONZALEZ
Special Agent
Homeland Security Investigations

Sworn to before me this
27th day of February, 2015

THE HONORABLE VERA M. SCANLON
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK