

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

JMK:JSC
F. #2015R00338

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

September 3, 2015

By ECF

The Honorable Dora L. Irizarry
United States District Judge
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

>       Re:     United States v. Colin McKenzie
>               Criminal Docket No. 15-113 (DLI)

Your Honor:

The government respectfully submits this letter in anticipation of the defendant's sentencing scheduled for September 16, 2015, at 11:00 a.m. For the reasons stated below, the government respectfully requests that the Court impose a sentence within the applicable United States Sentencing Guidelines (the "Guidelines") range of 37 to 46 months' imprisonment.

I.      Background

On or about February 26, 2015, at John F. Kennedy International Airport ("JFK"), a Customs and Border Protection ("CBP") officer arrested the defendant Colin McKenzie after a search of the defendant's two suitcases revealed over 9 kilograms of cocaine hidden in large tin cans. See Presentence Investigation Report ("PSR") at ¶¶ 2-4. The defendant had entered the United States from Georgetown, Guyana. Id. Upon his arrest, the defendant explained the importation scheme and details leading up to his flight and admitted to knowing that he was engaged in illegal activity when he brought cocaine into the United States. Id. at ¶¶ 5-11.

The defendant was indicted by a grand jury in this District on two counts: knowingly and intentionally importing a controlled substance into the United States, in violation of 21 U.S.C §§ 952(a), 960(a)(1), and 960(b)(3) (Count One), and knowingly and intentionally possessing with the intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count Two). On May 6, 2015, the defendant pled guilty before this Court to Count One of the indictment. Id. at ¶ 1. The defendant subsequently completed a "safety valve" proffer with the government.

II.     Guidelines Calculation

Based on the foregoing, the government sets forth the following Guidelines calculation:

| | | |
|---|---|---:|
| | Base Offense Level (§§ 2D1.1(a)(5) and 2D1.1(c)(5)) | 30 |
| Less: | Minimal Role (§ 3B1.2(a)) | -4 |
| Less: | "Safety Valve" Reduction (§ 2D1.1(b)(17)) | -2 |
| Less: | Acceptance of Responsibility (§ 3E1.1(a) and (b)) | -3 |
| | Total: | __21__ |

The defendant's total offense level is 21 and his Criminal History Category is I.

III.    The Appropriate Sentence

We recognize that, pursuant to the United States Supreme Court's decisions in United States v. Booker, Kimbrough v. United States and Gall v. United States, the Guidelines are advisory rather than mandatory, and the sentencing court has the authority to fashion a reasonable and appropriate sentence in a given case. Under Booker, the sentencing court must consider the Guidelines in formulating an appropriate sentence, along with all the factors in 18 U.S.C. § 3553, which include the nature and circumstances of the crime, the history and characteristics of the defendant, the appropriate Sentencing Guidelines range and the purposes of sentencing, such as just punishment, promoting respect for the law, deterrence, protecting the public and rehabilitation. See 18 U.S.C. §§ 3553(a)(2)(A)-(D).

Interpreting the Supreme Court's decision in United States v. Booker, the Second Circuit has held that "sentencing judges remain under a duty with respect to the Guidelines . . . to 'consider' them, along with the other factors listed in section 3553(a)." United States v. Crosby, 397 F.3d 103, 111 (2d Cir. 2005); see 18 U.S.C. § 3553(a). In Gall v. United States, 128 S. Ct. 586, 596 (2007), the Supreme Court explained the proper procedure and order of consideration for sentencing courts to follow: "[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." 128 S. Ct. at 596 (citation omitted). Next, a sentencing court should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, the court may not presume that the Guidelines range is reasonable. Instead, the court must make an individualized assessment based on the facts presented." Id. at 596-97 (citation and footnote omitted).

The "starting point and the initial benchmark" in this case, a Guidelines sentence of 37 to 46 months, is appropriate and reasonable because it provides an individualized sentence that takes into account the seriousness of the defendant's conduct. This was no small drug exchange – the defendant brought more than twenty pounds of cocaine into this country. Even if

2

the defendant did not know the weight of the drugs down to the gram, he knew he would be paid a substantial sum for delivering the drugs, and he knew that it took two sizeable suitcases and at least 18 days of organization to transport the substantial quantity of cocaine into the United States. The defendant made a knowing choice to bring drugs into the United States and must be held accountable for that choice.

Moreover, the factors in § 3553 support a Guidelines sentence, including the serious nature and circumstances of the crime, the characteristics of the defendant, and the need for the sentence to serve as a deterrence and punishment, one of the primary purposes of sentencing.

The government respectfully requests that the Court impose a sentence within the Guidelines range. Such a sentence would reflect the seriousness of the defendant's conduct and provide adequate deterrence to others contemplating similar acts. See 18 U.S.C. § 3553(a)(1), (a)(2)(A), and (a)(2)(B).

IV. Conclusion

For the foregoing reasons, the government respectfully requests that the Court impose a sentence within the Guidelines range of 37 to 46 months' imprisonment.

Respectfully submitted,

KELLY T. CURRIE
Acting United States Attorney

By:    /s/
Jennifer S. Carapiet
Assistant U.S. Attorney
(718) 254-6402

cc: Michael D. Weil, Esq. (by ECF)
Jeremy Neiss, U.S. Probation Officer (by Email)